FILED
SUPERIOR COURT
OF GUAM

2025 MAY 13 PM 1: 58

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM ECONOMIC DEVELOPMENT AUTHORITY,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID W. CRISOSTOMO DBA MARIANAS IRRIGATION AND LANDSCAPE,<br><br>Defendant. | CIVIL CASE NO. CV0606-22<br><br>**DECISION AND ORDER**<br>*Re: Plaintiff's Motion for Summary Judgment* |

This matter came before the Honorable Arthur R. Barcinas on February 11, 2025 for a hearing on Plaintiff Guam Economic Development Authority's ("GEDA") Motion for Summary Judgment ("Motion"). Present at the hearing was Attorney Terrence M. Brooks representing GEDA, and Defendant David W. Crisostomo ("Defendant") appearing *pro se*. Upon consideration of the record and arguments, the Court hereby **GRANTS** the Motion for Summary Judgment for the reasons below.

## BACKGROUND

This matter arises from a dispute regarding the delinquent repayment of a $25,000.00 loan that Defendant obtained from GEDA. On or about October 24, 2019, Defendant signed a Promissory Note and Security Agreement ("Note"), after which he received the proceeds of the

loan. The Note required Defendant to make monthly payments of $579.99 commencing on December 5, 2019 and a final payment of $577.00 on November 5, 2023. Interest on the note accrued at the fixed rate of 5.375%. Pursuant to the terms of the loan, a payment default on the Note would allow GEDA to accelerate or declare due the entire outstanding amount of the loan, including interest.

Defendant made approximately three payments on the Note: (1) $800.00 on December 17, 2019; (2) $1,500.00 on February 7, 2020; and (3) $2,000.00 on March 23, 2021. GEDA asserted that Defendant was found to have to defaulted on the loan as of March 2020, after which GEDA was entitled to declare the outstanding balance due pursuant to the terms of the Note. However, due to the 2020 pandemic, GEDA did not take any action to pursue repayment of the loan until September 2020.

On September 8, 2020, GEDA employee Tara Murakami e-mailed Defendant, informing him that a loan modification was available for businesses impacted by the pandemic, and advising him that he should submit a formal request to GEDA if he wanted to apply for the modification. Defendant did not respond to the e-mail.

On March 17, 2021, GEDA sent an employee to visit Defendant's place of business to speak to him about the delinquent loan, but he was not present. On March 19, 2021, Defendant called GEDA to ask about the visit to his place of business, and to ask about the pandemic loan modification; Defendant further stated that he was planning to submit a letter to GEDA. On March 22, 2021, Defendant met with GEDA staff to discuss the loan delinquency, during which he agreed to make a payment of $2,000.00 On March 23, 2021, Defendant tendered $2,000.00 to GEDA via ACH, but did not submit any letter requesting a loan modification as he had stated that he would. On April 12, 2021, Murakami spoke to Defendant via phone, asking him to write

a letter addressed to the GEDA CEO/Administrator, in which Defendant was advised to request a restructure of his loan due to relocation of his business and closure due to the pandemic. On the same date, Murakami advised Defendant that most of his $2,000.00 March payment had gone to interest; Defendant argued that his interest should be waived due to the forced lockdown, then asserted that he would include that argument in his letter and asked GEDA to send him a history of his loan. On or about April 20, 2021, GEDA sent Defendant said loan history, but Defendant never sent the promised letter requesting a loan modification or restructure.

On February 25, 2022, GEDA referred the matter to legal counsel for collection. On March 3, 2022, GEDA's legal counsel sent Defendant a demand letter, with no response. On November 16, 2022, GEDA filed the instant Complaint, demanding judgment against Defendant and his business, jointly and severally, for the following:

> (1) The principal sum of $23,678.50;
>
> (2) Accrued pre-judgment interest at the rate of 5.375% per annum from the date of charge-off until the date of judgment;
>
> (3) An order requiring Defendant to assemble the secured assets so that GEDA may take possession of them and sell them to ameliorate the amount due to GEDA;
>
> (4) Post-judgment interest at the legal rate and post-judgment costs; and
>
> (5) Reasonable attorney's fees.

On September 13, 2023, GEDA filed the instant Motion for Summary Judgment, submitting that there is no genuine issue of material fact regarding Defendant's outstanding debt to GEDA. On July 12, 2024, the Hon. John C. Terlaje issued a Notice of Hearing for a status

hearing in this case. On July 30, 2024, Judge Terlaje held the status hearing, finding that Defendant had not submitted any reply to the Motion; however, due to Defendant's *pro se* status, Defendant would be granted one (1) week to oppose. On November 19, 2024, Defendant filed a document titled "Response to Motion for Summary Judgment No. CV0606-22 for November 26, 2024" ("Response"); in the Response, Defendant did not posit any discernible opposition to GEDA's arguments for summary judgment. On November 26, 2024, the Court held its first hearing on the Motion and, determining that Defendant had not filed an opposition, granted Defendant thirty (30) days to do so. On January 6, 2025, Defendant filed his Statement of Opposition and Counterclaim,

On February 11, 2025, the Court took the matter under advisement.

## DISCUSSION

GEDA argues for summary judgment, asserting that there is no genuine issue of material fact regarding Defendant's outstanding debt. GEDA has asserted the background facts above are undisputed and asserts that it had made efforts to work with Defendant to modify or restructure his loan, but that Defendant did not justify the loan modification or propose any terms, and GEDA was not able to make an agreement because it did not know Defendant's then-present financial condition and could not contact him. GEDA posits that, under 20 GCA § 2112, "[a]ny legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a judgment or other new obligation." Thus, GEDA argues that the loan interest rate of 5.375% is ongoing until judgment is entered by the Court. GEDA also asserts that, in the event of default, the provisions of the loan allow acceleration of the entire balance due and for the recovery of attorney's fees.

Under Guam law, a party may move for summary judgment, identifying each claim or defense, or the part of each claim or defense, on which summary judgment is sought. Guam Rule of Civil Procedure ("GRCP") 56(a). The Court shall grant the summary judgment sought if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* "Summary judgment is only proper if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Guam Resorts, Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 36. "In rendering a decision on a motion for summary judgment, the court must draw inferences and view the evidence in the light most favorable to the non-moving party." *Id.* If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleadings, but must produce at least some significant probative evidence tending to support the pleadings. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Id.* ¶ 8. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Id.* "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* The Court's ultimate inquiry is to determine whether the specific facts set forth by the non-movant, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in the non-movant's favor based on that evidence. *Id.* ¶ 7.

Upon review of the record, Defendant has not disputed any genuine issues of material fact, nor has he presented sufficient evidence that GEDA is not entitled to judgment as a matter of law. In his January 6, 2025 Response, Defendant attempts to argue several fact issues, but none of them are material to the Court's adjudication of this case. First, he disputes paragraph 9 of the Complaint, alleging that he never received any communication from GEDA to assemble and turn over to GEDA any business assets, and that he was not aware that his loan was in default because he allegedly never received any written communication to that effect. Second, he disputes paragraph 10 of the Complaint, alleging that his place of business was not closed, and that he never received nor recalled the calls alleged by GEDA in paragraph 10. Third, he disputes paragraphs 12-14 of the Complaint regarding the amounts owed, interest, and attorney's fees; he bases his dispute on the above allegation that he was never informed that his loan was in default. Fourth, he alleges that the declaration of GEDA employee Claire L. Cruz is "not completely true," but does not specify which parts of the declaration are false. Fifth, he disputes paragraph 6 of GEDA's Statement of Undisputed Facts, which states that "A Payment Default in the Note allowed the Plaintiff to accelerate or declare the entire outstanding amount of the loan, including interest, immediately due, which Plaintiff has done"; Defendant asserts that the phrase "which Plaintiff has done" is incorrect because Plaintiff allegedly did not contact him regarding the default. The remainder of his factual disputes, as with these first five, are effectively presented to support one of two arguments: (1) GEDA allegedly failed to communicate with Defendant properly regarding his default; and (2) GEDA allegedly failed to inform Defendant that a loan modification request was required to restructure his loan agreement.

While Defendant may dispute the facts in support of these two arguments, neither the arguments nor the facts supporting them are ultimately material to the adjudication of this case.

## I. Notice of Default

Regarding the notice of default, Defendant should have been aware of the default based on the provisions of the Note, particularly as an experienced business owner. The Note specifically stated that "[s]hould Borrower fail to perform any provision of this agreement to be performed on its part, or should Borrower fail to pay any obligation secured by this agreement or the security interest created by this agreement as it becomes due, then Borrower shall be in default of this agreement under Division 9 of the UCC." Note., § 12. Further, even if the Court were to find that GEDA did not give Defendant proper notice of it, Defendant expressly waived notice upon signing the Note. "[Defendant] waives presentment of payment, demand, notice of nonpayment, notice of protest, and protest of this Note and all endorsers, sureties and guarantors hereof consent to any and all extensions of time, waivers or modifications that may be granted by GEDA." Note, § 5. "[Defendant] hereby WAIVES presentment, demand for payment, notice of dishonor and any and all other notices and demands in connection with the delivery, acceptance, performance, default, or enforcement of this Note." *Id.* § 7. Thus, Defendant's arguments regarding notice of default are immaterial to this case, and the facts supporting said arguments are likewise immaterial even if they are disputed.

## II. Notification re: Loan Modification

Regarding Defendant's assertion that GEDA did not notify him that he was required to submit a loan restructuring request or a financial statement to support that request, this is also immaterial. As stated above, Defendant is an experienced business owner, and as a borrower, it is his duty to determine what he needs to do to restructure his loan rather than sit and wait to be

provided the information. More importantly, Defendant cites no document or statute that would establish a duty of care requiring GEDA to guide him through the loan restructuring process step by step. Where a party "seeks a duty that appears to cover everything the lender does during the pendency of a loan modification application – from how it manages to paperwork to how clearly it communicates with borrowers – that would be difficult to adjudicate in any clear and consistent way across cases," and such a duty is too indefinite and broad to be recognized. *Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 639-640 (Cal. 2022). Rather, "a lender owes no duty to a borrower in its processing of a loan modification application" and "when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," a duty of care to the borrower does not exist. *Id.* at 636-637. Accordingly, any alleged failure by GEDA to inform Defendant about the restructuring process is immaterial to this case because GEDA had no contractual or common law duty of care to Defendant regarding the loan, and any argument predicated upon such duty is unsupported.

Based on the above, all facts that Defendant disputes in support of his arguments are immaterial, even if the issues of fact are genuine. Therefore, the Court finds that there are no genuine issues of material fact, and that under the terms of the Note, GEDA is entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion for Summary Judgment in favor of GEDA and **ORDERS** Defendant to pay to GEDA:

1. The principal loan amount of $22,451.90;

2. Accrued interest on the Note of $1,282.80 through August 15, 2023, plus additional prejudgment interest at the rate of 5.375% from August 16, 2023 until the date of judgment;

3. Attorney's fees;

4. Costs of suit;

5. Post-judgment interest on the judgment amount at the prevailing judgment interest rate of 6% per annum; and

6. Post-judgment costs of collection.

**IT IS SO ORDERED** ___MAY 1 3 2025___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**